CA 06 412 S

MOTION UNDER USC 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

**United States District Court** District RHODE ISLAND

Name of Movant LUIS R .OLIVERA Prison no. 99710 Case No.# 03-70S

Place of confinement RHODE ISLAND DEPARTMENT OF CORRECTION

UNITED STATES OF AMERICA V. LUIS R. OLIVERA

MOTION

1. Name and location of court which entered the judgment of conviction under attack Federal District of RHODE ISLAND , PROVIDENCE , RHODE ISLAND

2.Date of judgment of conviction FEBRUARY 19, 2004

3.Length of sentence 115-MONTHS ( 9YRS-7 MOS ) AND 3 YEARS OF SUPERVISED RELEASE

4.Nature of offense involved (all counts) CONSPIRACY TO DISTRIBUTE COCAINE ( COUNT. 1 ) AIDING AND ABETTING THE DISTRIBUTION OF COCAINE (COUNT. 2 ) ; AND POSSESSION OF A FIREARM AFTER A FELONY CONVICTION ( COUNT. 3)

5.What was your plea?(Check one)

Guilty *****

If you entered a guilty plea to one count or indictment, and a not guilty to another count or indictment, give details:

PURSUANT TO THE PLEA AGREEMENT DEFENDANT WAS TO PLEA GUILTY TO CT. 2 AND CT. 3 FOR DISMISSAL OF CT. 1 . HOWEVER, PURSUANT TO MY MOTION TO WITHDRAW MY GUILTY PLEA, THE COURT VACATED MY GUILTY PLEA TO COUNT 1, 2 BECAUSE THE PROSECUTOR MISLED THE DEFENDANT AS TOO THE TRUE CONSEQUENCES OF THE PLEA, SO COUNT 1 ,2 WERE DISMISSED WITH PREJUDICE TO BAR THE DEFENDANT FROM TRYING TO USE THE ERROR TO VACATE CT.3 .

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
(A) jury
(B) Judge only

7. Did you testify at trial ?
Yes----- No------

8. Did you appeal from judgment of conviction ?
Yes------ No-----

9. If you did appeal, answer the following.

(A) Name of court __UNITED STATES COURT OF APPEALS, FIRST CIRCUIT .__

(B) Result __AFFIRMED__

© Date of result __AUGUST 25 , 2004__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court .

**Yes-----**

11. If your answer to 10 was "yes", give the following information:

(A) (1) Name of court __United state District court of Providence , Rhode Island__

(2) Nature of proceeding __22-55 motion to vacate or dismiss__

(3) Grounds raised __Same ones__

(4) Did you receive an evidentiary hearing on your petition, application or motion ?
**No---------**

(5) Result __Denied as premature Because appeal was still pending__

(6) Date of result __June, 2005__

(B) As to any second petition, application or motion give the same information :

(1) Name of court ______

(2) Nature of proceeding ______

______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion ?
Yes------ No--------

(5) Result ____________________

(6) Date of result ____________________

© Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion ?

(1) First petition, etc. Yes------ No-------

(2) Second petition, etc Yes ------- No------

(B) If you did not appeal from the adverse action on any petition, application or motion , explain why you did not :

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However , *you should raise in this petition all available grounds (* Relating to this conviction )on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts.

The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

*(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.*
*(b) Conviction obtained by use of coerced confession.*
*(C ) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.*
*(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.*
*(e) Conviction obtained by a violation of the privilege against self-incrimination.*
*(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence Favorable to the defendant.*
*(g) Conviction obtained by a violation of the protection against double jeopardy.*
*(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.*
*(I) Conviction obtained by denial of effective assistance of counsel.*
*(J) Denial of right of appeal.*

A). Ground one: **conviction obtained by plea of guilty which was unlawfully induced and not made voluntarily with the understanding of the consequences of the plea.**

Supporting facts (state briefly without citing cases or law): Court's failure to advised defendant of terms of supervised release at plea hearing, coupled with imposition of sentence in excess of maximum discussed at plea hearing, rendered plea involuntary .
Defendant was not advised that if supervised release is violated defendant can be returned to prison for the remainder of the full length of his supervised release term without credit for time that he served. Defendant received 115-months in prison plus 36-months of supervised release Defendant received a sentence over the maximum 10 years he was advised by the court if he violates supervised release . Had defendant known the true consequences of the guilty plea he would of not plead guilty. See memorandum of law in support of the facts

**Defendants due process rights were violated**

B). Ground two: **Unconstitutionally enhanced sentence**

Supporting facts (state briefly without citing cases or law):the defendant plead guilty to two counts of the indictment count 2,3 in which the prosecutor would dismiss count 1. before sentencing the prosecutor vacated count 2, and dismissed it along with count 1, because he misled the defendant on count 2, so he decided to dismiss count 1,2 with prejudice to bar the defendant from relitigating count 2, so the defendant could not later say that somehow anything related to count 2, undermined the plea agreement as to count 3. if dismissal with prejudice bars the defendant from relitigating the matter or action it should also bar the government from relitigating it too The term dismissal with prejudice means an adjudication on the merits, and final disposition, barring the rights to bring or maintain an action on the same claim or cause. **It is res judicata** as to every matter litigated. SEE MEMORANDUM OF LAW

**Defendants due process rights were violated**

C). Ground three: Sentencing Entrapment

Supporting facts (state briefly without citing cases or law): Here the defendant was predisposed to commit a lesser offense and was entrap to commit a greater offense .

On a July 10 ,2003 phone call was made to defendant an offer was made to defendant of four firearms two 38 special and two nine millimeter .

The defendant only agreed to swap two firearms the two 38 special for one and a half once of cocain each firearm.

On the day of the arrest the agents showed up with four firearms not the two that was agreed on the agents showed up with two nine millimeters and one 357 magnum and one 38 special .

The defendant never wanted a 357 magnum or the nine millimeters only the 38 special the defendant was not at the scene of the crime .

The agent on their own enlarged the offense without the defendants knowledged .

SEE MEMORANDUM OF LAW....

**Defendants due process rights were violated**

D). Ground four: **Ineffective Assistance of counsel**

Supporting facts (state briefly without citing cases or law): Counsel misled defendant to plea guilty on the brink of trial and on a letter he wrote the defendant prior to the trial .

Counsel told defendant that their was a video tape of him and his co-defendant made by the agent

and that he should plea guilty because of it because the jury would see it and their was nothing counsel could do about it .
Defendant still wanted a trial and chose to go to trial and only after jury selection was done defendant plea guilty because counsel keap telling him about the tape .
While on appeal the defendant found out that their was no such tape made by the agent , if it wasn't for counsel misleading the defendant the defendant would of not plead guilty at all .
SEE MEMORANDUM OF LAW ..

**Defendants six amendment rights were violated**

E). Ground five: **Evidence doesn't support conviction**

Supporting facts (state without citing cases or law): Here the defendant argues that there was insufficient evidence that the firearms were operable or could be readily converted to fire a bullet as required by law.
Here the firearms in question were said to be prop-firearms in the original police report reported by detective GREGORY M. SION of the providence police station .
A prop-firearm is not designed to expel projectile by means of an explosive.
The providence police never test fired the firearms to show their operability to satisfy the definition of a firearm.
Or the police never showed that the firearm can be readily converted to expel a projectile

**Defendants due process rights were violated**

F). Ground six : **Ineffective assistance of counsel**

Supporting facts(state without citing cases or law ): Defense counsel unprofessional error cause defendants sentence to get increased by two levels .
Defense counsel abandon cross examination just when it started to bear fruits.
Had it not been for counsels error the defendant would of not received a two level enchancment.
SEE MEMORANDUM OF LAW

**Defendants six amendment rights were violated**

G). Ground seven: **Government breached plea agreement**

Supporting facts (state without citing cases or law): here the government breached the plea agreement the government promise the defendant a two level deduction if he plead guilty at the rule 11 hearing .
At the sentencing hearing the government never told the court about the two level deduction for pleading guilty .
The defendant was induced to plea guilty by the promise which the government never fulfilled .
The government never told the defendant that he would have to provide a writing letter to receive the deduction .
SEE MEMORANDUM OF LAW
**Defendants due process rights were violated**

H). Ground eighth : **Abuse of discretion**

Supporting facts (state without citing cases or law): Here the court applied a case that was not relevant to the defendants case or situation .
Here the error misled the defendant on his guilty plea and the courts only vacated one count , the error cause defendant to plea guilty to the whole plea the court should of vacated the whole plea not only one can had it not been for the error the defendant would of not plea guilty at all.
SEE MEMORANDUM OF LAW **Defendants due process rights were violated**

(I). Ground nine : **The district court erred by accepting defendant's tendered plea because it was not made knowingly, intelligently and voluntarily.**

Supporting facts (state without citing cases or law) : Here, defendant argues that where he was charged with, constructively, possessing the four firearms in question, such narrow statement given by the prosecutor with regard to the defendants "knowledge and knowing possession of a firearm, 'without more,was insufficient and/or inadequate, and undermined his apprehension of the centerpiece element of said charge, namely, that"he knowingly and constructively possessed a firearm " by and through a person , allegedly, working for him
here the defendant was not at the crime scene or seen the firearms in question .
The police report claim that the firearms were prop-firearms and prop-firearms are not made to fire a bullet .
Had defendant known that the firearm had to fire a bullet, defendant would of not plead guilty and ask the government to authenticate the firearms like thy do in every firearms case.
The only element the government has to prove is that what was possessed was in fact a firearm, and here they never did .
SEE MEMORANDUM OF LAW **AS DEFENDANT DUE PROCESS RIGHTS WERE VIOLATED**

13. If any of the grounds listed in 12a, b, c, d, e, and f were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reason for not presenting them: ____

INEFFECTIVE ASSISTANCE OF COUNSEL AND DEFENDANT HAS NO LAW KNOWNLEGED AND VERY LITTLE EDUCATION.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

NO----

15. Give the name and address , if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) at preliminary hearing No preliminary hearing held

(b) At arraignment and plea Edward C Roy FEDERAL PUBLIC DEFENDAR

(C ) at trial Edward C Roy

(d) at sentencing Edward C Roy

(e) on appeal Ralph Perrotta 163 Arnold Av. Cranston RI. 02905

(f) in any post-conviction NONE

(g) on appeal from any adverse ruling in post- conviction proceeding NONE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

No----

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

No-----

(a) if so , give name and location of court which imposed sentence to be served in the future. ____

(b) give date and length of the above sentence: ____

(C ) have you filed , or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future ?

Yes-------- No--------

wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding .

Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct to my knowledge. Executed on

9-7-06
Date

Luis Olivera
Signature of petitioner
Luis R. Olivera PRO-SE
PO BOX 8249
Cranston, RI 02920 #99710

State of Rhode Island

County of Providence

Subscribed and sworn to at ACI - INTAKE CENTER

This 7 Day of Sept A.D. 2006 Before me.

Kathleen A. Lyons
Notary Public
My Commission Expires 4-13-2010
Notary public

# ***United states District Court***
# ***For the District of Rhode Island***

UNITED STATES *
OF *
AMERICA * **CR NO. 03-70S**
*
V. *
*
LUIS OLIVERA *

---

**Memorandum of Law in support of**
**Motion under 28 usc 2255 to vacate,set aside,**
**Or correct sentence by a person in federal custody.**

The defendant ,**luis olivera**,pro-se ,moves this honorable court to dismiss,vacate,set aside and/or correct his sentence on the grounds that the his guilty plea was not knowingly, voluntarily and intelligently and without an understanding of the consequences of the plea,failure of the district court to inform defendant of effects of supervised release,breach of plea agreement , denial of effective assistance of counsel, sentencing entrapment,abuse of discretion ,sentence exceeded the maximum allowed by law,evidence was insufficient to support the conviction, Unconstitutionally enhanced sentence and illegally imposed sentence. Defendant's constitutional and statutory rights having been violated, this case should be dismissed with prejudice and/or guilty plea and sentence vacated to allow defendant to plead anew. This memorandum of law is filed in support of that motion.

Defendant is a layman at law and would like counsel to by appointed to assist him in his defense...

***(1) District court failure to mention effect of Supervised release as required by rule 11 (b)(1)(h)(g)and (I)***

**Sentence exceeds statutory maximum**

**Plea was not knowingly, voluntarily and intelligently and without an understanding of the consequences of the plea.**

**Subdivision (b)(1)(h).** Has been amended by specifying "the effect of any special parole terms "as one of the matters about which a defendant who has tendered a plea of guilty or nolo contendere is to be advised by the court. This amendment does not make any change in the law, as the courts are in agreement that such advise is presently required by rule 11. See, e.g., **MOORE v. United states, 592 f.2d 753(4th cir.1979); RICHARDSON v. United states 577 f.2d 447 (8th cir. 1978); United states v. Eaton, 579 f.2d 1181 (10th cir. 1978); United state v. Del prete, 567 f.2d 928 (9th cir 1978); United state v. Watson, 548 f.2d 1058 (d.c.cir.1977); United state v.cruso, 536 f.2d 21(2nd cir.1976); United state v. Yazbeck, 524 f.2d 641 (1st cir. 1975); United state v. Wolak, 510 f.2d 164 (6th cir.1975); in United state v. Timmreck, 441 u.s. 780 (1979), 99 s.ct. 2085, 60 l.ed.2d 634 (1979),** the supreme court assumed that the judge's failure in that case to describe the mandatory special parole term constituted "a failure to comply with the formal requirements of the rule."

The purpose of the amendment is to draw more specific attention to the fact that advise concerning special parole terms is necessary part of the rule 11 procedure. As noted in **MOORE v. United state, supra;**

special parole is a significant penalty. unlike ordinary parole , which does not involve supervision beyond the original prison term set by the court and the violation of which cannot lead to confinement beyond that sentence..special parole increases the possible period of confinement.

It entails the possibility that a defendant may have to serve his original sentence plus a substantial additional period, without credit for time spent on supervised release.

Explanation of special parole in open court is therefore essential to comply with the rule's mandate that the defendant be informed of "the maximum possible penalty provided by law and the **effect of violating supervised release**.

As the aforecited cases indicate, in the absence of specification of the requirement in the rule it has sometimes happened that such advise has been inadvertently omitted from rule 11 warnings.

**MOORE v. United states**; supra, recommends that in an appropriate case the judge informs the defendant and determine that he understands the following;

(1) that a special parole term will be added to any prison he receives;

**(2) the minimum length of the special parole term that must be imposed and the absence of a statutory maximum;**

**(3) that special parole is entirely different from-and in addition to-ordinary parole;**

**and**
**(4) <u>that if the special supervised release is violated, the defendant can be returned to prison for the remainder of the full length of his special supervised release term without credit for time that he has served.</u>**

**Also see <u>Raineri, 42 f.3d 36 (1st cir.1994).</u>** Which states that before the court accepts a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine if the defendant understands, inter alia, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law including **the effect of any supervised release term.**
Defendant contends that he/did not understand the consequences of his guilty plea because the court failed to advise him of the effect of supervised release.**<u>see TR-PG- 1,2.</u>**
Defendant may have known that he was subject to 3 years of supervised release because at the plead hearing he was advised of it but he did not know of the nature of the supervised release or of the consequences attendant on it's violation that if special supervised release is violated, the defendant can be returned to prison for the remainder of the full length of his supervised release term without credit for time that he has served..
The court can't just think the defendant understands that violating supervised release will lead to more prison time, the court has to explain the consequences of violating supervised release to the defendant so that the defendant knows the true consequences of his plea . **<u>,Good, 25 f.3d at 220</u>**. **<u>United states v. Thorne, 153 f.3d 130 (4th cir. 1998)</u>** (failure to explain effect of supervised release is error even if defendant is aware he must serve a term of supervised release); **<u>Unite states v. Garcia-GARCIA, 939 f.2d 230-232-33 (5th cir. 1991)</u>** characterizing supervised release as restraint on liberty because of potential for reincarceration without credit for time served on supervised release.
Rule 11 failure affects the defendant decision to plea. **<u>see Goins, 51 f.3d at 403 (citing padilla, 23 f.3d 1222)</u>** in this case defendant was unable to "evaluate with eyes open the direct attendant risk of accepting criminal responsibility" **the district court's failure to inform him of the maximum sentences to which he was subject thus violate his substantial rights. <u>See ,e.g. padilla, 23 f.3d at 1223 (</u>**substantial rights violated when defendant receives longer sentence than maximum court advised him he could receive during rule 11 hearing) **<u>United states v. Roberts 5 f.3d 365,369 (9th cir. 1993)(same) United states v. Syal, 963 f.2d 900,906(6th cir. 1992) (same).</u>** Here in the defendant's case the error was not harmless as outlined in **<u>Good;</u>** (f)ailure to discuss the nature of supervised release is harmless if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term he was told he could receive" **<u>(25 f.3d at 220); see also padilla, 23 f.3d at 1223. . United states v. Osment, 13 f.3d 1240, 1243 (8th cir. 1994) (en banch); roberts, 5 f.3d at 369; ( syal,963 f.2d at 906.</u>** On October 1, 2003 Defendant was told that his maximum sentence he could receive was 10 years on count 3, **<u>See TR-PG -3 ,</u>**But on FEB.. 19, 2004, the defendant received 115 months sentence plus 36 months of supervised release

bring his total maximum sentence from 10 years as advised by the court to 151-month sentence 31 months over the maximum advised by the court.**<u>seeTR-PG- 4.</u>** Defendant substantial rights were violated had defendant known of the possibility of reincarceration after he completed his sentence for the charge he would of not plead guilty to the charge. Defendant received a possible period of incarceration in excess of the maximum penalty of which he was advised . As he was sentence to 9 years 7 months to be followed by 3 years supervised release , defendant faces a possible period of incarceration of 12 years 7 months and a potential restraint on his liberty(assuming revocation on the last day of the supervised release term.) of 15 years 7 months. As each of these exceeds the 10 years maximum possible sentence of which he was advised . Defendant was prejudiced by district court failure to mention the affect's of supervised release.

Even assuming that the prejudiced could lawfully be cured by modifying the sentence,**<u>see Bachynsky 2 , 934 f.2d at 1360.</u>** Defendant conclude such relief is not appropriated here the sentencing guidelines require a sentence of at lest 96 months imprisonment and at least 2 years of supervised release. **<u>See u.s.s.g & 5 D1.2 (b)(2).</u>** such a sentence would still result in a potential restraint on defendant liberty of almost 12 years assuming revocation on the last day of the supervised release term.

Defendant received longer prison term then he was advised by the court and longer then the maximum allowed by law.

**<u>CONCLUSION</u>** .Defendant would of not plead guilty if he had been aware of the special release consequences of his guilty plea that he could be reincarceration on the same charge and without credit for time served on supervised release . Defendant plea was not knowingly ,intelligent and voluntarily and without an understanding of the consequences of the plea. .Only when it develops that the defendant was not fairly apprised of it's consequences can his plea be challenged under the due process clause."**<u>mabry v. Johnson, 467 u.s. 504,509, 104 s. Ct. 2543, 81 l.ed.2d 437 (1984)</u>** the case should be dismissed with prejudice or in alternative Defendant's substantial rights are affected and his guilty plea must be set aside and he should be allowed the opportunity to plead anew on count 3, as defendant received a longer prison sentence then allowed by law .

therefor, defendant maintains that, in light of the misrepresentations made to him in connection with his guilty plea, the district court violated the express provision of rule 11,namely, "the defendant's knowledge of the consequences of the guilty plea, "which has been identified as one of the three "core concerns" of rule 11, and his guilty plea must be set aside as defendants due process rights were violated and substantial rights were affected also.

## *(2) GOVERNMENT BREACHED PLEA AGREEMENT.*

Allowing government to breach promise that induced guilty plea violate due process u.s.c.a. const.amend.5.
Here the prosecutor failure to keep his promise to recommend a two level deduction at the sentencing hearing **see TR- PG- 5.** which was part of the plea bargain and that promise induced defendant to plea guilty .
(government's breach can not be harmless) is obvious; it is the defendant's right's which are being violated when the plea agreement is broken or meaningless. It is his waiver which must be voluntary and knowing. He offer's that waiver not in for the actual sentence or impact on the judge, but for the prosecutor's statement's in court. If they are not adequate, the waiver is ineffective. **479 f.d. at 949.**
**(Unite states v. Craig j. Clark 55 f.d. 9-14 (St. cir.1995)**
even if the judge would of not allowed the two level deduction the prosecutor didn't keep his part of the deal by requesting the two level deduction the prosecutor didn't recommend the deduction because the defendant try to with draw the plea prior to his sentence .defendant's guilty plea as to count two was vacated because the prosecutor made an error during the rule 11 hearing and on his own he vacated the plea as to count two not because defendant motion to vacate . Therefore he should of recommended the two level deduction .
If defendant had known that the prosecutor was not going to recommend the two level deduction he would of not plead guilty . The two level deduction was part of the plea bargain and the prosecutor never made the defendant writing the judge a letter of acceptance Part of the plea bargain The defendant was not told that he had to write a letter in order to get the two level deduction .
**CONCLUSION** This case should be remanded and allow the defendant to plea anew or in alternative be resentence by a different judge with the prosecutor recommendation as defendants due process rights were violated.

## (3) SENTENCING ENTRAPMENT

federal sentencing law and practice **1 B 1.3 (h)** The first circuit has stated that the defendant " bears the burden of demonstrating that the government engaged in extraordinary misconduct; and that it improperly enlarged either the scope or the scale of the crime."

the first circuit has ' acknowledged that a sentencing court can depart from the guidelines and the statutory minimums based on sentencing factors manipulation when the defendant can show that the government engaged in extraordinary misconduct."
Sentencing entrapment "occurs when defendant, although predisposed to commit minor or lesser offends, is entrapped into committing greater offense. Subject to greater punishment.

Here the defendant /co-defendant was predisposed to commit and offense a lesser offense and was entrapped into committing a greater offense.
Here the government agents and an informant that was in jail in VERMONT on drugs and gun charges was let out of jail for one day so they could drive down to RHODE island to bring A.T.F prop gun to trade for guns ..
The government agent and the informant in a reversed sting offered four firearm's on a July 10, 2003 phone call to defendant **see TR- PG# 6-7,**
an offer was made to defendant of four firearm's . the firearm's were two 38 special and two nine millimeter.
defendant agreed to swap only two firearm's the two 38 special for 1 ½ ounce of cocaine each. **see TR- PG#6-7,**
The agent/informer then told defendant that they would arrive in RHODE ISLAND from VERMONT the following day.
On July 11,2003 the co-defendant went to meet with the informer/agent to preform the deal at the stop and shop once the co-defendant arrived the two meat and talk as the agent/informant told the co-defendant that she had the two firearms her boy friend had sent she never told the co-defendant about the extra firearms she had and he only had drugs for two of them as he had 2. 2/3 ounces of **cocaine see TR-PG#12-15,** defendant handed informer the 2. 2/3 ounces of cocaine and the informer then asked for defendant's back pack and placed the firearm's in it **with out letting the defendant see the firearm's or letting him know that their were four firearm's instead of the two that were discussed on the phone .** Once the defendant was on his way back agent's moved in and arrested him and charged him with possession of four firearm's...
The agent's without the defendant's knowledge placed four firearm's in the back pack giving him an increased **sentence guideline level. U.s.s.g 2k2.1 (b)(a) (number's of gun's)** the evidence of the taped phone call prove's that defendant only agreed to swap two firearm's for 1 ½ Ounce of cocaine for each, the defendant was offered the four firearm's on the phone but said he only wanted two of them the two 38's special.
Co-defendant showed up with only 2. 2/3 ounces of cocaine which was 1 ½ once for each firearm like it was talked about on the phone and without co-defendant/defendant knowledge the informer/agent put four firearm's in the back pack, agent **Michael west of the providence A.T.F** at the defendants sentencing hearing said that he did not know who changed it from two to four firearms, and that they didn't have the money so they brought two extra firearms because they did not have any money for the defendant.**see**

**TR-PG# 8.** Had defendant wanted the four firearms their would of been six ounces of cocaine because it was 1 ½ once for each gun like it was talked about on the phone, co-defendant showed up with less then 2. 2/3 ounces of cocaine 77grams which was for two firearms not four their would of been more drugs if defendant would of wanted more guns, the defendant was entrapped into committing a greater offense then the one he was predispose to . **Hampton v United states ,425,u.s. 484,488 s.ct. 1646,1649, 48 l.ed.d. 113 (1976)see United states v lenfesty, 923 f.d. 1293,1300 (8th cir 1991) United states v nichols 986 f.d. 1199,1204(8thcir1993 United states v montoya 62 f.d. (St. cir 1995)** principle that, where government agents have improperly enlarged scope or scale of crime, sentencing court has power to depart from guideline sentencing range, applies to statutory mandatory minimum sentences as well as guidelines.

Here the defendant was prejudice by the government action's that resulted in an increased in his sentencing . The government's conduct was extraordinary misconduct as to their actions in brining two extra firearm's without defendant's knowledged.

The one firearm from the June 18,2003 should not be counted as the defendant was never charged with that offense and it was hearsay and that firearm was never found the infroment was arrested only with cocaine.

**CONCLUSION** The case should be dismissed with prejudice or in alternative The defendant should be resentence and the court should depart from the guidelines based on the sentencing manipulation.or giving a two level deduction on his sentence, As defendants due process were violated.

## (4) ***INEFFECTIVE ASSISTANCE OF COUNSEL***

At the change of plea hearing , the government described a sting operation extending over several weeks during which a government informant negotiated a gun for drugs transaction with alleged defendant . According to the government, transcripts of tapes of those negotiations, which took place by phone, depicted the informant-seller, trying and eventually succeeding in convincing defendant/co- defendant to accept four guns instead of the two that defendant/co-defendant had earlier made clear were all he wanted or had the drugs to pay for. This made him vulnerable to a two-level upgrade under **U.S.S.G. 2K2.1 (B)(1)(A)** FOR POSSESSING from three to seven guns.

A reading of the transcripts of the taped conversations, however, does not bear out the government's story. On the contrary, the transcripts of the taped conversation occurring on July 10, 2003 , the day before the sting , **seeTR- PG#9-10.** reveals a buyer, alleged to

be defendant, adhering to his oft-stated position that he wanted only two guns. Moreover, there is nothing to contradict that position in the transcript of several conversations occurring the course of the sting the following day .**see TR -PG#11-12-13-14-15-16-17-18.** Immediately after the sting went down, however, an undercover officer accompanying informant-seller, speaking for the benefit of the tape recorder, stated that four guns--not two--were delivered in return for cocaine.**seeTR. PG#18,.**

If the four guns had been delivered directly to defendant,accepted by him and recovered from him, that probably would have been the end of the matter, regardless of the previous conversations. That was not the case, however . The guns were delivered to co-defendant, who was alleged to have been a runner for defendant.

Co-defendant was arrested immediately after the drugs for guns transfer, and the guns retrieved from him , not from defendant .

the transcripts of the tapes provide no evidence that defendant even knew that four guns were transferred to co-defendant , let alone that he agreed to buy any more than two guns. Moreover, defendant's insistence that he wanted only two guns and did not have sufficient drugs to purchase four guns is corroborated by the government's statement that the deal was to be one and one half ounces of cocaine for each gun , **TR OCT 1, PG#19,** and the government acknowledged that only 77 grams--2.78 ounces--were delivered to informant by co-defendant , the alleged middleman.**TR OCT 1, PG#22.**

defendant counsel noted this inconsistency between the government's position and the tape transcripts and posed it to the government's witness,**TR FEB. 19, PG#20-21,.** but abandoned his cross-examination of the witness prematurely and did not press the district court to change its position vis a vis the number of guns properly attributable to defendant. The district court there upon invoked federal sentencing guideline 2k2.1(b)(1)(a) --to increase defendant's offense level,which had been set at 20(category 1V) based on a prior felony conviction, up to 22.

**ARGUMENT**

since it is the performance of defendant's counsel at the sentencing hearing which is at issue, that performance can be examined thoroughly and readily by this court from a reading of the brief excerpts of the transcript of that proceeding , included here **see TR-PG-#20-21,**

A standard of reasonably effective assistance has been established for the performance of the duties of defense counsel in a criminal case. In **Strickland v. Washington, 466 U.S. 668 (1984),** the supreme court set forth the criteria for determining whether counsel fell short of that standard;

> 'First, the defendant must show that counsel's performance was deficient... second, the defendant must show that the deficient performance prejudiced the defense .' **466 U.S. at 687.**

Judge selya's opinion in scarpa, supra, **38 f.d. at 10,** wherein defense counsel demonstrated his lack of understanding of the elements of the offenses with which his client was charged, and of the recognized defenses there to, is apposite here;

'unless counsel brings these rudiments to the table, a defendant likely will be deprived of a fair' opportunity to meet the case of the prosecution, 'citing **Strickland, supra, inter u.s. at 685 alia, 466,** 'and, thus, will be placed at undue risk of having no effective advocate for his cause. Phrased another way , if an attorney does not grasp the basics of the charges and the potential defenses to them , an accused may well be stripped of the very means that are essential to subject the prosecution's case to adversarial testing.'
Here defendant's counsel understood the implication of the number of guns attributable to defendant and even posed the contradictions between the government's position and the transcripts of the taped conversations to the government's witness, **see TR -PG#20-21,** but, unaccountably, and as significantly as the failure to 'grasp the basics if the charges and potential defenses' identified by judge selya, Id., he failed to grasp the importance of the contradictions he had posed, and abandoned his cross-examination when it was just beginning to bear fruit.
As this court held in **United states v. Ademaj, 170 f.d. 58, 62 (St. cir. 1999),** citing and quoting scarpa, supra, **38 f.d. at 12,** denying a defendant his right to cross-examine the government's witnesses on the issue of drug quantity falls into the category of one of those rare instances where the court will presume prejudice to the defendant; certainly the issue of the number of guns transferred , in light of the two-level increase in defendant's guideline level resulting therefrom, is analogous and just as important.
And , in **GONZALEZ-soberal v. United states, 244 f.d. 272, 278 (St. cir 2001),**citing **strickland** and addressing the standard by which counsel's errors should be judged, this court said:

"Prejudice exists in a particular case when there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. **Strickland, 466 u.s. at 694, 104 s.ct. 2052.** A reasonable probability is one sufficient to undermine confidence in the outcome. Id. On one end, it is enough to show that the error had some conceivable effect on the outcome. **Id. at 693, 104 s.ct. 2052.** Nor is it required, however, that the defendant prove that the errors were more likely than not to have affected the verdict. Id. It is important to maintain the focus of an ineffectiveness inquiry on the fundamental fairness of the proceeding. **Id. At 696, 104 s.ct. 2052** ."
Certainly defendant's counsel's failure to pursue his cross-examination of the government's witnesses via a via the contradictions between their testimony and the government's proffer on the one hand and the transcripts of the taped conversations on the other hand, "undermines confidence in the outcome" of that sentencing and thus prejudiced defendant with in the meaning of **Strickland and GONZALEZ-Soberal, supra.**

**CONCLUSION**

the case should be remanded for resentencing with new counsel. That portion of the district court's sentence involving the increased of firearm's should be removed and the defendant receive a two level deduction.for the numbers of firearm's as defendants six amendments right was violated.

## (5) Ineffective assistance of counsel

Defense counsel failed to investigate and misled the defendant to believe that there was a video surveillance tape made by A.T.F-AGENTS of him and his co-defendant prior to co-defendant going to meet the A.T.F-informant.....

The following are a set of errors prejudicial to defendant and affected his substantial rights to effective assistance of counsel and his decision to plead guilty;

(1)on several occasion defendant communicated to appointed counsel,**Edward c. Roy** that he wanted a trial because he did not commit the crimes he was charged with.

On oct 1, 2003 on the brink of trial defense counsel told defendant that he was not prepare for trial and that defendant should of plead guilty .

Defense counsel filed a motion for continuance and the motion was denied and the jury selection started during jury selection defense counsel advise defendant to plead guilty because of the vedio tape that the A.T.F.-AGENTS made of him and his co-defendant prior to the co-defendant going to meet the A.T.F-INFORMANT, defense counsel had wrote a letter to defendant prior to the trial see**TR-PG#23,24,** and had told defendant about the video tape and how he should plea guilty .

Defendant still wanted a trial and picked a jury and on the brink of opening statements ,after defense counsel keap telling defendant to plea guilty because the tape, and if he plead guilty he would receive two levels of and he offense level would be 41-months to 51-months.**See TR- PG#24,**

Defendant plead guilty to the charges and was sentence to 115-months and three years supervised release...

Defendant later on learn through his appellant lawyer that the video tape of him and his co-defendant did not exist ;

This misreppresention cause defendant to change his plea of not guilty to guilty ,defendant wanted a trial and even picked a jury but chose to plead guilty on counsel advise .

Defense counsel failed to investigate the evidence of the case....(**the duty to investigate even applies to case when defendant plans to plead guilty)** here defense counsel failed to investigate when defendant was going to trial.

Defense counsel denied defendant the right to a trial by jury and was ineffective in misleading defendant to believe there was a video tape so the defendant would plead guilty.

Had it not been for counsel wrong advise defendant would of not plead guilty and went on with trial.. Counsel's deficient advise coerce and prejudiced defendant decision to plead....

Defendants plea was in violation of his due process rights...

The two-part test adopted in **Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S ct 2052**, for evaluating claims of ineffective assistance of counsel, namely, that the defendant must show that counsel's representation fell below an objective standard of

reasonableness and that there is reasonable probability that were it not for counsel's unprofessional errors, the result of the proceeding would have been different, applies to challenges to guilty pleas based on ineffective assistance of counsel; in order to satisfy the second or "prejudice" requirement, the defendant must show that there is a reasonable probability that were it not for counsel's error, he would of not have pleaded guilty and would have insisted on going to trial.

**Conclusion** this case should be dismissed with prejudice or in alternative the case should be remanded and the defendant should be allowed to plea anew.

Had counsel correctly informed defendant about the video tape, defendant would of not pleaded guilty and insisted on going on with trial as defendants six amendment right was violated.

## (6) EVIDENCE DOESN'T SUPPORT CONVICTION

For possession of a firearm under **18 U.S.C. 922(g)(1)** the government has to prove that the defendant (1) was previously convicted of a crime punishable by an imprisonment term in excess of one year, (2) in effecting commerce, that the gun traveled across state lines at some point, (3) and that he knowingly possessed a firearm.

Here the defendant argues that there was insufficient evidence that the firearms were operable or could be readily converted to fire a bullet as required by **18 U.S.C. 921(A) (3)** the term"firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; ****such term does not include an antique firearm.

Here the firearms in question were said to be prop-firearms in the original police report reported by detective **Gregory M. Sion** of the providence police station see police report **see TR-PG#25.** A prop-firearm is not designed to expel a projectile by means of an explosive and can't be readily converted to expel a projectile by means of an explosive, a pro-firearm is an **unserviceable firearm** which is incapable of discharging a shot by means of an explosive and incapable of being readily restored to a firing condition.**see 5845. Definitions (H) unserviceble firearm.** **And 5845 definition (I) Antique firearm -** meaning a replica not designed or redesigned for using rim fire or conventional center fire ignition with fixed ammunition.

The providence police never test fired the firearms to show their operability or to show they were in fact real firearms to satisfy the definition of a firearm in **18 U.S.C. 921 (A)(3)**. Or that they can be readily converted to expel a projectile.

The government only claim that the firearms were working firearm but show no prove of that at all.

Under Rule 901. Of rules of evidence requires Authentication or identification .

Rule **901. (A) General provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what it's proponent claims.

As the fire arm's were never test-fired, agent **Kevin Mcnamara** of the providence A.T.F. determine that the firearm's were manufacture out of the state but at no time did he or any one test fire the firearm's as they do in every other firearm's case to prove operability, Authentication.or that they could be readily converted to expel a projectile by the action of an explosive.

The defendant never saw the firearm's and was not at the scene of the crime , the defendant was never shown picture or anything to show him the firearm's in question.

Without a real working firearm the charge should be dismissed.

**Conclusion**

Their should be a hearing on this matter to determent if these are firearm's as described in **18 U.C.S. 921 (A)(3)** or the case should be dismissed with prejudice as defendants due process right was violated.

## (7) UNCONSTITUTIONALLY ENHANCED SENTENCE

On October 1, 2003 the defendant plead guilty to two counts of the indictment, count 2 Aiding and abetting, and count 3 possession of a firearm after being a convicted felon, in which count 1 conspiracy would be dismissed.

On FEB.. 13, 2004 the defendant guilty plea as to count 1 and 2 were dismissed with prejudice because of an error made by the government at the rule 11 hearing which misled the defendant to plea guilty.

The prosecutor elected to dismiss count 1,2 with prejudice, so the defendant could not later claim that somehow anything related to count 1,2 contributed to or undermined the voluntariness of the plea with respect to count 3, see **TR. PG#26.**

On FEB... 19, 2004 at the sentencing hearing the court use relevant conduct from count 1 and 2 which were dismiss with prejudice prior to the sentencing to enhance defendants sentence by four levels which gave the defendant a sentence level of 92-months to 115-months.

The prosecutor dismissed count 1,2 with prejudice to bar the defendant from using the error to vacate his plea on count 3, the error which undermined the voluntariness of the whole plea .

If dismissal with prejudice bars the defendant from bringing the error up to vacate the whole plea it should bar the government from bringing up the charges that were dismissed with prejudice to enhanced the defendant's sentence.

**DEFINITION**

**DISMISSED WITH PREJUDICE** Removed from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim.

**DISMISSED WITH PREJUDICE** A dismissal, after an adjudication on the merits, barring the plaintiff from prosecuting any later lawsuit on the same claim.

If, after a dismissal with prejudice, the plaintiff files a later suit on the same claim, the defendant in the later suit can assert the defense of **res judicata....**

**DISMISSAL WITH PREJUDICE** Term meaning an adjudication on the merits, and final disposition, barring the rights to bring or maintain an action on the same claim or cause.
**It is res judicata** as to every matter litigated.

After a dismissal with prejudice the prosecutor is bared from relitigating the matter or action on The same claim, here the prosecutor did just that by relitigating the matter at the sentencing hearing .

Count 1,2 were dismissed with prejudice which means that the court removes it from the courts docket in such a way that it bars the prosecutor from filing a suit, relitigating or bring a action on the same matter/claim again.

Count 1,2 were disposed with prejudice and bars the rights to bring or maintain an action on the same claim or cause **it is res judicata as to every matter litigated**.

**Res judicata** has three elements :

#1- there must have been a prior litigation in which "identical" claims were raised, or at least could have been raised.

#2-the parties in the second litigation must be "identical"in some manners to the parties in the original litigation.

#3- there must have been a final judgment on the merits in the original litigation.

Which in this case their was a final judgment on the merits as the count's were dismissed with prejudice.

**CONCLUSION**

this case should be dismissed or in alternative the enhacnment should be removed from the defendants sentence. The defendants should be resentence and giving a four level deduction on his sentence .

**As defendants due process rights were violated..**

## *(8)* ***ABUSE OF DISCRETION***

The district court "abused their discertion and acted beyond their authority under rule 11" in granting defendants to withdraw his guilty plea to count 2 only, when it was also required that count 3 be vacated. Vacating count 2 without vacating count 3 undercut the plea agreement and defendant was entitled on that ground to withdraw his guilty plea to count 3 . Because the plea agreement included a plea of guilty to count 3 as well.
Count 3 was expressly dependant on count 2 so vacating count 2 and not count 3 was prejudicial error, a threat of unfairness to defendant..
In defendant's case the prosecutor, on his own, discovered and disclosed an error which was stated in both the plea agreement and at the plea colloquy, and elected to vacate his plea to count 2 only. So he moved to have the plea vacated on his own however, defendant's motion was to have his guilty plea withdrawn on both count's.
The error disclosed which was stated at the plea colloquy and at the plea agreement affected defendant's substantial rights therefore defendant was entitled to withdraw his guilty plea on both counts. had defendant been aware of the error he would of not plead guilty at all.
The district court applied **perez-carrera 243 f.3d 42 (1st cir. 2001)**which dealt with the government and the dist. Ct. Incorrectly advising defendant of the penalty or punishment he faced on two counts. Therefore, the case was remanded to modify the sentence because of the representations made to the appellant in connection with his guilty plea.
The distinction between defendant's case and **perez-carrera** is that **perez-carrera**did not have his guilty plea vacated nor was any count dismissed w/prejudice, as was the in defendant's ,in dist. Ct. further, the appeals court elected to review **perez-carrera** sentence for plain error , as he did not make any objections with regard to his guilty plea or sentence ,until sentence pronounced then he appealed.
**perez-carrera** never sought to have his guilty plea vacated in dist.ct. , therefore, the dist. Ct. Was not faced with a motion to vacate his guilty plea . Further, the opinion of the court of appeals or the question to that court was not whether the vacation of a guilty plea to one count would required the vacation of another count.****the court of appeal opinion in **perez-carrera** did not address whether vacating a plea of guilty to one count would required the vacation of another count .
In **perez-carrera** the defendant claim that, had he been aware of the errors he would of not plead guilty at all. however the appeals court reviewed the record with care and found no basis for suspecting that the misinformation about the terms of imprisonment available in respect to counts 2 and 6 deprived the appellant of a full understanding of the consequences of his actions or otherwise influenced his decision to change his plea. after all , count 1 and 3 --each of which carried a maximum term of life imprisonment-- were the centerpieces of the indictment, and it is surpassingly difficult to believe that, having decided to bite the bullet and plea to those grave charges, a more accurate description of the penalties associated with counts 2 and 3 would have made a dispositive difference.

In the defendants case he was misled on count 2 the centerpieces count of the indictment, the court failed to give him the correct minimum penalty by law as to the supervised release on count 2 and the courts failed to mention effects of the supervised release on both counts. the defendants substantial rights were effected by the error the defendant should be allowed to withdraw count 3. because when defendant plead guilty he plead to count 2 and count 3. The error in the plea colloquy and the plea agreement affected his disicion to plea .

**Conclusion** this case should be dismissed with prejudice or in alternative, the defendant was prejudice by the error and should of been allowed to vacate his plea to the whole plea not just half of it this case should be remanded and defendant should be allowed to vacate his guilty plea as to count 3 and plea anew.

## (9) The district court erred by accepting defendant's tendered plea because it was not made knowingly,intelligently and voluntarily.

The district court's acceptance of defendant's tendered plea did not comport with statutory and constitutional requirements.

The united states congress has prescribed certain requirements for a guilty plea to be accepted as knowing, intelligent and voluntary.

Fed. R. Crim. P. 11. These requirements arise from constitutional principles and include,inter alia,that the defendant understands (1) the nature of each charge to which the defendant is pleading, (2) any maximum possible penalty, including imprisonment, fine, and term of supervised release and (3) any mandatory minimum penalty. See fed. R. Crim. P. 11(b) (1) (g),(h) and (I) .

Fed. R. Crim. P. 11 is based upon constitutional principles enunciated in Boykin v. Alabama, 395 u.s. 238, 23 l.ed.2d 274(1969). And it's progeny.

Under Boykin, due process, as established by the fifth amendment to the united states constitution, requires that a defendant's guilty plea be made voluntarily, intelligently and understandingly. Boykin, 395 u.s at 244, 23 L.ed . 2d at 280.

Before the court accepts a plea of guilty, the court "must address the defendant personally in open court and inform the defendant of, and determine if the defendant understands, the nature of the charge against him, the mandatory minimum penalty, if any, and the maximum possible penalty provided by law including the effect of any supervised release term, "fed. R. Crim. P. 11(b)(1)(g),(h) and(I), as by " entering a guilty plea, a defendant effectively waives several constitutional rights, and for that waiver to be valid the plea must amount to a voluntary and intentional relinquishment or abandonment of a known right or privilege,"McCarthy v. United states, 394 u.s 459,466 (1969) (Quoted in United states v. Gray, No.94-1298(August 16, 1995- 1st cir.) Thus, "rule 11was intended to ensure that a defendant who pleads guilty does so

with an understanding of the nature of the charge and the consequences of the plea. "**Gray, 63 f.3d 57 (1st cir. 1995).**

Hence, "the law governing the acceptance of a guilty plea under **fed. R. Crim. P. 11** is well established, as a plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts,"**United states v. Field, 39 f.3d 15 (1st cir. 1994),** and there" must be a factual basis for the guilty plea." **fed. R. Crim. P. 11 (b)(3).**

In the case at bar, the district court misinformed defendant of the charge against him namely,"**possession of a firearm by a convicted felon"under 18 u.s.c. 922(g)(1).**

In order to be convicted "section 922 (g)(1) requires the government to prove that a defendant (1) was previously convicted of a crime punishable by an imprisonment term in excess of one year, (2) knowingly possessed a firearm and (3) in affecting commerce," **United states v. Lewis, 40 f.3d 1325 (1st cir.1994),** and it has been clearly established that, a "defendant's understanding of the charge , "is one of rule 11's core concerns. **United states v. Medina-silveria, 30 f.3d-1 (1st cir 1994).**

Specifically, defendant contends the district court failed to adequately apprise him of the "second element" of possession of a firearm by a convicted felon, namely, "knowingly possessed a firearm." With regard to said "second element" of the offense, the prosecutor's statement of the facts and conduct of the defendant was stated as follows at the plea colloquy:

Count-3, the gun case charge , is that on or about July 11,2003, here in the district of RHODE island, the defendant, having been convicted of a crime punishable by a term of imprisonment for a term exceeding one year, that is, he had a felony conviction, did knowingly possess in and affecting commerce four firearms. In this case, it's set forth in the indictment a smith and WESSON .38, a browning .9 millimeter, another browning .9 millimeter, and a colt python .357, and that he, in this case, constructively possessed those weapons.....

Now, the elements are that he had been convicted of this felony; that he knowingly, that is, he had within the control of himself or person working for himself, in this case, a person working for him. In and affecting commerce, that means the guns traveled across state lines at some point that the guns in their existence had come across a state line. That's in affecting commerce....

.......and that before all this happened on July 11,2003, he had been previously been convicted of a felony"..... **seeTR-PG#-__________.**

Here, defendant argues that where he was charged with, constructively, possessing the four firearms in question, such a narrow statement given by the prosecutor with regards to defendant's knowledge and knowing possession of a firearm,"without more , was insufficient and/or inadequate, and undermined his apprehension of the centerpiece element Of said charge, namely, that " he knowingly and constructively possessed a firearm "by and through a person, allegedly, working for him.

It is clearly established on the record that the defendant was not present with the person (co-defendant) allegedly working for him during the alleged drugs for guns transaction, neither did the defendant receive, nor has he ever seen the four firearms in question, in order to obtain the knowledge required to know that the instruments allegedly possessed by the co- defendant was, in fact, a firearm.

Further, it is clearly established on the record that the person (co-defendant) allegedly

working for the defendant, neither inspected the alleged four firearms, nor has it been established that the co-defendant ever seen the supposed four firearms during the transaction, in order for him to have obtained the requisite knowledge that, what the undercover A.T.F-agent placed inside his backpack wherein fact, four firearms, operable and/or made fire a bullet. **See TR-PG# ________.**

In **United states v. Freed, 401 u.s. 601, 607, 91 S.ct. 1112, 1117, 28 L.ed. 2d 356 (1971)** The U.S. supreme court explained thus; as far as "intent" and " mens rea" are concerned, there are two answers to defendant's assertions that they were not properly explained to him. The 'first' is that both were explained correctly to defendant. The court stated, inter alia:

The government must prove that you knowingly received or possessed, and here defendant is charged with being in-possessing, or transported the firearm in question. And when we use the word knowingly, what the law means is that you were-that you acted voluntarily and deliberately, not by mistake or through inadvertence; in other words, that you voluntarily received or had in your possession the firearm in question.

The 'second' reason is that in order to convict a person on this crime, being a felon in possession of a firearm, the only knowledge by defendant required to be proved is that the "instrument possessed was a firearm." in other words it fits the definition of a firearm and is authenticate to show it is what it is said to be. **RULE- 901** RULES OF EVIDENCE.

In the case at bar, defendant maintains that an element of criminal responsibility, "as explained in **Freed, supra,** the district court was required to adequately apprise defendant of the "mens rea" element of said charge, namely, that he, himself "**knew that the instruments possessed by (co-defendant) allegedly working for him were, in fact, four firearm. As defined in Rules of evidence- rule 901- authentication.**

Here the defendant was charged with possession of a firearm not and the conspiracy was dismissed so the government had to prove that the firearms were working firearms and they never did had defendant known that he would of not plead guilty because no one ever prove that only claimed it.

Here, defendant asserts that such a misstatement of the "second element, "given by the prosecutor on said charge, undermined his understanding of the law in relation to the facts, and had he been properly apprised that in order for him to be convicted of this crime, being a felon in possession of a firearm, the government must prove that he knew the instruments possessed by the co-defendant were firearms, he would not have pleaded guilty to said firearms charge...

Thus, defendant argues that because of the way the district court and the prosecutor explained the elements of the firearm charge, he did not "possess an understanding of the true nature of the charge "and/or was not given "real notice of the charged offense, "which" implicates a violation of one of 'rule 11's core concerns, and mandates that the guilty plea be set aside. "See **United states v. Allard, 926 f.2d 1237, 1244-45 (1st cir.1991).** (Identifying rule 11's core concerns), as a guilty plea " cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. "**United states v. Field, 39 f.3d 15 (1st cir. 1994).**

**Counculsion** this case should be dismissed with prejudice or in alternative the defendants plea should be withdrawn so he can plea anew.
As **defendant due process were violated**.