# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LUIS R. OLIVERA** | ) | |
| | ) | **C.A. No. 06-0412S** |
| **V.** | ) | **CR No. 03-70-01S** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

NOW COMES PETITIONER, **LUIS R. OLIVERA**, IN REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION UNDER 28 U.S.C.A. 2255 MOTION TO VACATE, SET ASIDE, CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY. THIS IS THE MEMORANDUM IN SUPPORT FOR DEFENDANT'S REPLY TO GOVERNMENT'S OBJECTION.

**1# Government contends that petitioner has not shown actual prejudice, #2 or any case of "cause" as to why he did not appeals to ground one in petitioner's motion to vacate**

**the Government contends petitioner has not shown actual prejudice**

Ground #1 is the failure of the court to inform defendant that if his period of supervised release was revoked he could be subject to an additional three years to life of prison term. prior to defendant's entry of his guilty plea **as required by 18 U.S.C.A. Fed. Rules cr. Proc. Rule 11 ( c ) ( 1 ),**

see **Raineri 42 F.3d 36 ( 1st Cir. 1994 )**

before accepting a guilty plea, the court must address the defendant personally in open court and be **sure** that the defendant **understands** any mandatory minimum penalties and any **maximum** penalties **as well as effects of any special parole or supervised release term.**

**Moore v. U.S, 592 f.2d 753 ( 4th Cir. 1979 ) (same) U.S. v. Yazbeck, 524 f.2d 641 ( 1st cir. 1975) (same) U.S. v. Timmreck, 441 u.s. 780 (1979), 99 s.ct. 2085, 60 L.ed. 2d. 634 ( 1979) (same)**

Here petitioner argues that he was prejudice by the district court error not to inform him of the true direct consequences of his plea. Courts have held that once a violation of **Rule 11** has occur the court must applied the harmless error test to determine if a violation has happen once it is determine that a violation has occurred The defendant would have to prove that his substantial rights were violated and that he suffered prejudice.

Here is what defendant was told at the plea hearing on October 1, 2003, transcript page 6
The court went on to say this

On count #3, the firearms charge, the maximum is ten years imprisonment, a fine of $250,000, a term of supervised release from **three year's and up to life**, and a mandatory special assessment of $ 100.

The court went on with **Rule 11** hearing without informing the defendant about the effects of supervised release as required by **Fed. Rule cr. Pro. Rule 11 ( c ) ( 1 ) 18 U.S.C.A. see Raineri ( 1st cir 1994 )** on February 19, 2004, the court went on to sentence the defendant to a prison term of 115 months imprisonment and a 36 months supervised release term, a possible prison term of 151-months ( 12 years 7 months ) if defendant violates the terms of supervised release. And a potential restraint on his liberty ( assuming revocation on the last day of the supervised release term) of 187- months( 15 years 7 months ) , as each of these exceeds the 10 year's maximum sentence of which he was advise by the court at his rule 11 hearing .

**Why defendant suffered prejudice**

Here by the district court failure to explain the significance of supervised release the defendant suffered prejudice and his substantial rights were violated and affected. The united states concedes that this was error under **Moore v. U.S., 592 f.2d 753 ( 4th cir. 1979 ).**

Here the error was not harmless and it was prejudicial to the defendant and also violated his substantial rights. Once a violation of **Fed.R.Crim. Proc. 11** is established, as here, the court must focus on whether the error was harmless. **Fed.R.Crim.Proc. 11 ( h ).** Under rule 11(H), only where a violation of the rule affects a defendant's substantial rights is it appropriate to vacate a conviction. **U.S. v. Defusco, 949, f.2d 114, 117 ( 4th cir. 1991 ). Cert denied,--U.S.--, 112 S.CT. 1703, 118 L.ED.2D 412 ( 1992 ).** Court have generally held that failure to discuss the nature of supervised release is harmless error if the combined sentence of incarceration and supervised release actually received by the defendant is less then the maximum term he was told he could receive. **Moore, 592 f.2d at 756; Bell v. U.S., 521 f.2d 713, 715 ( 4th cir. 1975 ), cert denied 424 U.S. 918, 96 s.ct. 1121, 47 L.Ed. 2d 324 ( 1976 ).**

Here defendant argues that when he plea guilty he did not know that his punishment included 3 years to life of additional incarceration if he violated the terms of supervised release. Here the defendant received 9 years 7 months of incarceration and 3 years of supervised release a total sentence of 12 years 7 months, a possible 2 years 7 months over what he was told at the rule 11 hearing and ( assuming he violated his supervised release on the last day) a total sentence of 15 years 7 months because he would not get credit for time spent on supervised release. This sentence put a restraint on the defendant's liberty for 15 years 7 months not ten years as advised by the court's .

defendant was prejudice by the error and his substantial rights were violated, the defendant

argues that this is more then a harmless failure to comply with the formal requirements of the **Rule 11,.**
This error resulted in a "complete miscarriage of justice" and a proceeding "inconsistent with the rudimentary demands of a fair procedure.
Defendant was unaware of the significance of supervised release that it could of resulted in more prison time, and if the defendant would of been properly advised by the district court the defendant would of not plead guilty, the defendant plead guilty to avoid the maximum 10 year sentence .

Any Rule 11 violation should be evaluated under harmless error standard. In enacting the 1983 Amendments too Rule 11, Congress directed that a trial court compliance with the Rule be evaluated under the harmless error standard . Rather then the per se reversal standard previously created by the supreme court in **Mc Carthy v. U.S., 394 U.S. 459, 89 S.CT. 1166, 22 L.ED.2D 418 ( 1969 ).** Under the new Rule 11 standard, which the advisory committee observed was meant to overrule **Mc Carthy,** this court may vacate the conviction made pursuant to the plea only if the trial court's violation of Rule 11 Affected the defendant's Substantial rights. **see Fed.R.crim.p. 11 ( h )** and advisory committee's note to 1983 Amendment.
Defendant has shown prejudice and that his substantial rights were affected.

**# 2 Cause and why defendant did not appeal**

defendant argues that he would of appealed this issue had he known that their was a Rule 11 ( c ) (1) violation and that the sentence which he received was actually 12 years 7 months if he violated supervised release ( and assuming that his supervised release was revoked on the last day ) he would have a sentence of 15 years 7 months a possible restraint on his liberty for 15 years 7 months, as this sentence exceeds the 10 year maximum he was advised of at his plea hearing.

Defendant did not know of this at the time of his appeal had he, he would of appealed since the defendant had try to vacate his plea in the district court prior to his sentencing on Feb 13, 2004, so had defendant known his sentence was actually 12 years 7 months he would of appealed.

Defendant should not be penalized for not knowing how much prison time he actually received which was 2 years 7 months over the maximum he was advised, if he violated supervised release. **He was not properly inform of the possibility of 3 years to life of prison time which made his sentence a lot more time then the 10 years maximum as advised by the court.**

The defendant is a layman at law and only had less then 3 months of high school and had no idea how much time he actually faced if he plead guilty, because the district court failure to mention the significant of supervised release and he should not be penalized for the error

The defendant should not be penalized for not appealing this matter, the defendant learn of this

when he could no longer appeal it or add it to the appeal then he had to wait till his appeal was granted or denied in order to submit this 2255 motion. Also appellant counsel was not trial counsel did not examine the record and had he the result's would of been different In the appeal.

**Conclusion**

Defendant should not have to suffer from this prejudicial error, defendant received an sentence in excess of what he was inform and understood at the Rule 11 hearing, a sentence of 12 years 7 months and a possible restraint on his liberty for 15 years 7 months if he violates his release term on the last day ( assuming revocation ) just because he did not appeal.
Defendant has shown actual prejudice and cause for not appealing, **as defendant was anaware of the true consequences of his plea and if defendant was properly inform he would of not plead guilty, And would of appealed had he or his appellant counsel seen the error which would of resulted in a good chance on appeal to have the plea vacated.**

This case should be dismiss with prejudice or in alternative the defendant guilty plea should be vacated and the defendant should be given the chance to plea anew as defendant would of not plead guilty had he known the true consequences of the plea that his liberty could be restraint for 15 years 7 months or life, and that his true maximum was not 10 years as advised by the court.

If this sentence is to stand it would be inconsistent with the rudimentary demand of a fair procedure and a complete miscarriage of justice as defendant would have a sentence that exceeds what he understood was the maximum 10 years at his plea hearing.

Defendant would of not plead guilty had he been properly informed of the true nature and consequences of his supervised release , and the true maximum sentence that if he violated his supervised release he would be returned to prison without credit for the time spent on supervised release. In this case the defendant was unable to " evaluate with eyes open the direct attendant risks of accepting criminal responsibility". The district court's failure to properly inform defendant of the maximum sentence to which he was subject thus violate his substantial rights. ( substantial rights are violated when defendant receives longer sentence than maximum court advised him he could receive during Rule 11 hearing)

**Ground # 5 Ineffective assistance of counsel**

defendant contends that if it had not been for counsel misrepresentation of the surveillance tape defendant would of not plead guilty. A surveillance tape is a video tape not a tape recorded call like the government explains in it's objection. The conspiracy charges was only dismiss after the defendant plead guilty and only after counsel told him about the surveillance tape and how he

should plea cause of it, had it not been for counsels misrepesentaion of the tape defendant would of not plead guilty. Counsel's performance did fall below an "objective standard of reasonableness" and if not for the error the results would of been different as defendant was ready for start of trial and only stop it because of counsel's wrong advise.

And defendant did not appeal this matter because he did not no that the tape did not exist and he only found out about this from his appeals lawyer when it was to late to bring up on appeal.

**Conclusion**

Defendant case should be dismiss with prejudice because of the ineffective assistance of counsel. As defendant was prejudice because of the ineffective assistance of counsel.

**Ground # 7 Petitioner argues that his sentence was lengthened because the court considered as relevant conduct facts which were the basis for count's 1&2, which had been dismissed with prejudice as part of the plea agreement.**

Government contends that petitioner should be barred because he did not raise it in his direct appeal and has not set forth no "cause" why he did not appeal, this is the governments only objection as to ground # 7.

**Why petitioner did not appeal this matter**

Defendant argues that had he known that charges that are dismissed with prejudice are barred from being relitigated he would of appealed It but since he has no knowledged of law he did not.

The term **"Dismissal with prejudice"** means an adjudication on the merits, and final disposition, barring the rights to bring or maintain an action on the same claim or cause. As it is **Res judicata** as to every matter litigated. But his lawyer never objected and defendant did not know what was going on.

Here the government dismissed count's 1 & 2, not just dismissed, he dismissed the count's **with prejudice** to barr the defendant from using the error in those count's to vacate the whole plea.

But then at the rule 11 hearing the government used the conduct from those charges to increase the defendant's sentence which should of not been allowed because they were dismissed with prejudice and it barred him from doing that.

Had defendant known this he would of appeal it but the defendant is not a lawyer or has any idea

as to what was happening. Defendant should not be penalized for not appealing this matter defendant is a layman at law and had he known this he would of appealed it .

By the government using these charges to increase the defendant's sentence the defendant received a longer prison term then he would of received without the 4 level increase, so the defendant was prejudice by this error.

**Conclusion**

this case should be dismissed or in alternative the increase should be removed from the sentence. As the increase prejudice the defendant to a longer prison term.

**Why defendant did not appeal as to the other issues**

As to all the other count's defendant would of raised if he had know about the error's, as he is a layman at law and his counsel was ineffective in every matter the petitioner has raised now, the defendant should not be barred because he did not understand law and should not have to suffer prejudice cause of it. Petitioner would of appeal all this had he known the law...all these issues would of resulted in a good chance of a different outcome on appeal.

Had appellant counsel examine the record he would of appealed all these issue's as he knew defendant wanted his plea vacated, and the result's would of been different, but appellant counsel only want to appeal the **Booker** issues and what my trial lawyer objected to and even when appellant court invited he to put a brief in for the Booker issue's he failed to do so.

**WHEREFORE**, for all the foregoing reasons, the petitioner, Luis R. Olivera, pray's that this court grant's the proper remedy or relief in this 22-55 motion to vacate, set aside or correct a sentence by a person in federal custody.

Respectfully submitted,

Luis R. Olivera

Luis R. Olivera Pro-se
P.O. BOX 8349
Cranston, RI 02920
ID# 99710

Dated: **1-10-07**